**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 03 2022

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JAMES RANDY SCOTT**                                                      **PLAINTIFF**

Case No: _4:22cv516-DPM_

**CITY OF SHERWOOD, STEPHEN COBB, Individually**
**and in his Official capacity, SHEILA REYNOLDS,**
**Individually and in her Official capacity**                **DEFENDANTS**

This case assigned to District Judge_Marshall_
**COMPLAINT** and to Magistrate Judge_Harris_

Comes now the Plaintiff, **JAMES RANDY SCOTT,** by and through his attorney, **SUTTER**

**& GILLHAM, P.L.L.C.;** and, who in support of this Complaint for Declaratory Judgment, Complaint

for Damages, and Demand for Jury Trial, states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.       Plaintiff Randy Scott, (hereinafter "Scott"), is at all relevant times to this suit, a resident

of Sherwood, Pulaski County, Arkansas. Scott is presently engaged in an ongoing ordinance violation

case styled: City of Sherwood v. James Randy Scott- Sherwood District Court Case No. OR-17-114.

2.       Individual Defendant, City of Sherwood, is a body corporate and politic within the

meaning of Ark. Code Ann. §14-54-101 and is located within Pulaski County, Arkansas. Pursuant

to Ark. Code Ann.§ 14-54-101(1) individual Defendant City of Sherwood may be sued. See

generally *City of Hot Springs Advertising and Promotion Com'n v. Cole,* 317 Ark. 269. Service

on a state, municipal corporation, or "other governmental organization or agency" is accomplished

by serving the chief executive officer thereof. See Ark. R. Civ. P. 4(d)(7). **Sherwood** is an

incorporated city of the first class, organized under the laws of the State of Arkansas that: (a)

funds, operates and creates policies, practices, and/ or customs followed by the Sherwood District

Court (including paying the salary of the Honorable District Court Judge Milas Hale, III, the public

defender in the Sherwood District Court, and Court Clerks and other administrative staff); (b)

funds and operates Sherwood's Code Enforcement Division; (c) seeks, issues, and executes warrants arising out of Sherwood city code/ordinance violations and other related city code and criminal proceedings; (d) collects debts from unpaid court costs, fines, and fees arising out of Sherwood's code violations and other related city code and criminal proceedings in the Sherwood District Court; and (e) contributes funds to the Pulaski County Jail, in part, to pay for the incarceration of city code Defendants sent by the Sherwood District Court. Defendant, Sherwood, is sued herein for declaratory, injunctive, and equitable relief (including costs and attorneys' fees). At all relevant times, Defendant, City of Sherwood, ("Sherwood") was, and is a "Municipal Corporation" and "person" under federal law, within the State of Arkansas, and the principal employer of most of the other named Defendants

3.      At all relevant times, Separate Defendant, Honorable Sherwood City Attorney, Stephen R. Cobb, was the elected City Attorney of Sherwood, Arkansas, presumably acting within his official capacity. **Stephen R. Cobb** is and has been the local city attorney since he was first elected to that position almost 20 years ago. He is sued herein as a Defendant in his official capacity as an employee of Sherwood, and in his individual capacity for declaratory relief only.

4.      At all relevant times, Separate Defendant, Sherwood City Code Enforcement Officer **Sheila Reynolds** presumably acted within her official capacity. She is being sued herein as a Defendant in her official capacity as an employee of Sherwood, and in her individual capacity for declaratory relief only.

5.      This Court has personal and federal question subject matter jurisdiction under 28 USC §1331.

6.      Since the actions giving rise this cause occurred in this district, venue is proper in proper under 28 USC §1391(b).

7.      This is among other things a civil rights action arising under 42 U.S.C. §§ 1982,

1983 and 1988; 28 U.S.C. § 2201 et seq.; and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. The District Court of Eastern Arkansas has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The District Court of Eastern Arkansas also has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. 1367, Ark. Code Ann. § 16-123-105, and the Arkansas Constitution.

8.      Further, this action is brought pursuant to the Arkansas Civil Rights Act of 1993 embodied at Ark. Code Ann.§ 16-123-101 et. Seq. particularly Ark. Code. Ann.§ 16-123-105 Particularly when construing this section, a court may look for guidance to state and federal decisions interpreting the Civil Rights Act of 1871, as amended and codified in 42 U.S.C. § 1983.

9.      The Plaintiff shall determine after the filing of this suit whether removal to federal court is appropriate.

10.     All conduct complained of within this complaint was committed by persons or entities acting under color of state law within the Circuit Court of Pulaski County and the Eastern District of Arkansas. This action is filed within one year of a dismissal on sovereign immunity grounds.

## BACKGROUND FACTS

11.     In February 1985, Scott purchased certain real property located within Pulaski County, Arkansas, commonly known as "23 Hamilton Park."

12.     At the time Scott purchased his real property it was located in rural Pulaski County, Arkansas.

13.     Scott utilized his property to collect and store antique vehicles, personal vehicles, racing equipment, etc. Scott also immediately began using his property in the normal course of his business by operating a repair shop that repaired a multitude of vehicles, water craft, and other mechanical items.

14.    On October 2, 1989, Sherwood Ordinance 899 annexed Scott's property into the City of Sherwood.

15.    On August 6, 1990, then acting code enforcement officer, Bill Leftwich took a complaint about old cars located upon Scott's property. Sherwood's activity sheet indicates that the complaint was "close(ed) out". **See Attached Exhibit 1- Letter Request for a Citation Written Including Activity Sheet.**

16.    On April 28, 1993, according to Sherwood's Activity Sheet the then acting city attorney said that the "property was grandfathered in as auto repair and asked Hamilton to ask client to clean up property". *Id.*

17.    On October 13, 1998, a letter was issued by Sherwood to Scott that ordered "Scott to obtain a privilege licenses within one day". **See Attached Exhibit 2 - Letter to Scott from the City of Sherwood - Permits and Planning.**

18.    On November 9, 1998, Sherwood decided to "cite Mr. Scott in and let the Judge handle" the matter. At that time, Billy R. Leftwich, Sherwood code enforcement officer, cited Scott for inoperable vehicles (Sherwood Ordinance 161 & 760), not having a privilege license to do business (Sherwood Ordinance 1074) and violation of Ordinance 729 (Zoning Rules and Regulations).

19.    Since that time Scott has been subject to repeated prosecutions, imposition of unreasonable fines, and imprisonment for alleged violations of Sherwood ordinances.

20.    On September 9, 2010, the Circuit Court of Pulaski County issued an Order of Dismissal With Prejudice for failing to pursue an appeal concerning Scott's successful defense of identical charges as the ones that he has been repeatedly prosecuted, suffered the imposition of unreasonable fines, and imprisoned for alleged violations of Sherwood ordinances. **See Attached Exhibit 3 - Order of Dismissal With Prejudice.**

21.    Since the Order of Dismissal with Prejudice was issued by the Pulaski County Circuit Court, Scott has been further prosecuted, ordered to pay unreasonable fines (currently approximately $10,000.00), and incarcerated (for periods of up to a month in duration). **See Attached 4 Letter to Scott from City of Sherwood Code Enforcement dated March 7, 2017; and Attached Exhibit 5 - Letter from Deputy Court Clerk to Scott RE Daily Fines.**

22.    In 2022, Scott was ordered to appear in Court on pain of contempt unless he abides by the City's unconstitutional demands. Scott has incurred attorney's fees in the defense of this unconstitutional action.

## COUNT I -DECLARATORY RELIEF

23.    Current Sherwood City Ordinance 14.13.01 **(See Attached Exhibit 6 -Sherwood City Ordinance 14.13.01)** reads as follows:

A. Continuing Existing Non-Conforming Uses

Any use of land, building or structure existing at the time of the enactment of this Code may be continued even though such use, building, or structure may not conform with the provisions of this Code for the district in which it is located.

24.    Sherwood City Ordinance No. 161 **(See Attached Exhibit 7- Sherwood City Ordinance 161)** was passed on January 23, 1967 and reads as follows (in part):

25.    Sherwood City Ordinance 760 **(See Attached Exhibit 8 - Shenvood City Ordinance 760)** was passed on December 15, 1986 and reads as follows (in part):

26.    Sherwood City Ordinance 760 **(See Attached Exhibit 9 - Shenvood City Ordinance 1074)** was passed on October 26, 1992 and reads as follows (in part):

27.    As noted herein above Scott purchased his property in February 1985. At that time Scott's property was located in rural Pulaski County and not subject to any zoning or restrictive ordinances.

28.    Scott utilized his property to collect and store antique vehicles, personal vehicles, racing equipment, etc. Scott also immediately began using his property in the normal course of his business by operating a repair shop that repaired a multitude of vehicles, water craft, and other mechanical items.

29.    On October 2, 1989, Sherwood Ordinance 899 annexed Scott's property into the City of Sherwood.

30.    On April 28, 1993, according to Sherwood's Activity Sheet the then acting city attorney said that the "property was grandfathered in as auto repair and asked Hamilton to ask client to clean up property".

31.    Accordingly, none of the ordinances relied upon by the City of Sherwood to prosecute Scott are applicable to Scott's use of his property.

32.    Scott respectfully requests that this Court issue its order finding that Scott's use of his property is lawful in relation to the Sherwood City Ordinances cited herein.

## COUNT II - VIOLATIONS OF DUE PROCESS

33.    Plaintiff avers that Defendants, acting under color of state law, have violated his constitutional right to due process as guaranteed by the Fourth, Fifth, Sixth, Eighth, and the Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. 1983.

34.    Further, his rights were violated under the corresponding sections of the Arkansas Constitution, including Article I, Section 13, which provides for access to the Courts and due process. Indeed, in Arkansas, the right of property is the highest right protected under the Arkansas Constitution, Article 2 - Declaration of Rights Section 22.

35.    The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor/ Defendants have taken Plaintiff's property without just compensation.

36.     Defendants have continued on a course of conduct intended to violate plaintiff's rights to both procedural and substantive due process and have failed to remedy or correct these ongoing violations.

37.     The punitive action taken against plaintiff is arbitrary and capricious, having no basis in law and in clear violation of the rules and regulations established to protect property owners and promulgated by those same Defendants. Further, Defendants and their agents have summarily taken punitive action against plaintiff, depriving him of property rights created by state law, and have done so without any procedural due process implementing such action.

38.     Scott's property was clearly annexed by Sherwood and as admitted was "grandfathered in". Scott has continued the non-conforming use of his property but cannot risk prison to do so.

39.     Since the time of annexation, the Defendants have illegally seized Scott's property rights and personal liberty rights without Due Process, in violation of the 5th and 14th Amendments.

40.     Scott has been prosecuted, fined, and imprisoned multiple times for the same Sherwood code ordinance violations (notwithstanding the continual nature of his non- conforming "grandfathered in" use) following the previously entered Order to Dismiss with Prejudice in violation of the 5th and 14th Amendment to the U.S. Constitution.

41.     The Defendants have imposed an excessive fine of approximately $10,000.00 against the plaintiff and have imposed prison sentences of up to one month for alleged city code violations in violation of the 4th, 5th, 8th and 14th Amendments to the U.S. Constitution and are currently depriving him of the use and enjoyment of his property through a regulatory taking.

42.     Further, the Defendants have under the color of city ordinance has caused and subject Scott to be deprived of his rights, privileges or immunities secured by the Arkansas Constitution as secured by Ark. Code Ann.§ 16-123-105.

43.     Plaintiff is entitled to appropriate declaratory and injunctive relief under federal and state law to force Defendants and their agents to remove the restrictions placed upon Scott's property and compensation for Scott's wrongful arrest and illegal taking of Scott's real property.

44.     As a direct and proximate cause of Defendants' act and omissions alleged herein, Plaintiff has lost the use of his property, has lost profits, incurred fees, and has experienced severe mental and emotional distress.

45.     Defendants should be punished in their individual capacities by an award of punitive damages.

## MOTION TO STAY ENFORCEMENT OF SHERWOOD CITY ORDINANCES PENDING LITIGATION

46.     Scott requests that this Honorable Court stay the enforcement of the Sherwood City Ordinances in question until such time as a full hearing on the merits of this action has been held.

## DEMAND FOR JURY TRIAL

47.     Pursuant to the Federal and Arkansas Declaratory Relief Act, Scott demands a trial by jury

## INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

48.     Pursuant to Ark. Code Ann.§ 16-111-101, et seq. and 28 USC 2201, Scott requests that this Honorable Court makes a determination as to the rights, statuses, and other legal relationships that may exist between the Plaintiff, citizens of Sherwood and the City.

49.     Scott requests that it be entitled to recover any and all expenses and taxable costs (including a reasonable attorney's fee) for the necessitation of this action pursuant to Ark. Code Ann.§ 16-111-110, 42 USC 1988, and 16-123-105.

50.     Scott requests further relief from this Court, both general and specific, to which it may be entitled including, but not limited to the right to amend this Complaint as discovery and justice may require.

**WHEREFORE**, Scott respectfully requests that this Court: (1) makes a determination as to the rights, statuses, and other legal relationships that may exist between Scott and the City of Sherwood; (2) declares the actions of Defendants to be unlawful and unconstitutional in violation of Plaintiffs rights; (3) enters an injunction that prohibits the Defendants from engaging in the violations of law set forth hereinabove in the future; (4) grant plaintiff all costs of this action, as well as reasonable attorneys' fees; (5) for an award of appropriate compensatory and punitive damages; and (6) grant the Plaintiff any and all relief whether specifically requested herein or not.

Respectfully Submitted,

**SUTTER & GILLHAM P.L.L.C.**
Attorneys at Law
310 West Conway Street
P.O. Box 2012
Benton, Arkansas 72018
(501) 315-1910 Office
(501) 315-1916 Facsimile

By:     *Luther Sutter*
Luther Sutter, ARBN #95031
Luther.sutterlaw@gmail.com

# SHERWOOD PERMIT DEPARTMENT

## REQUEST FOR A CITATION WRITTEN

November 9, 1998

TO:        Chief James Crockett
           Sherwood Police Dept.

FROM:      Billy R. Leftwich
           Planning & Permit Dept.

Please issue a citation to Randy Scott of 23 Hamilton Park for inoperable vehicles (Ordinance 161 & 760), not having a privilege license to do business (Ordinance 1074) and violation of Ordinance 729 (Zoning Rules and Regulations). Please set a court date as soon as possible to resolve this matter.

See the attached Activity Sheet.

Thank you for your assistance in this matter.

Sincerely,

Billy R. Leftwich
Code Enforcement Officer

**EXHIBIT**
**1**

# ACTIVITY SHEET
## 23 Hamilton Park

1)  10/2/89    Ordinance 899 annexes Hamilton Park into the City.

2)  8/6/90     Compliant taken about old cars.  Close out.

3)  5/17/91    **Violation** written giving 7 days to correct inoperable vehicle.

4)  5/22/91    *Owner called and will move car to shop in back, will license the vehicle in a couple of weeks.*

5)  3/2/93     Compliant filed on inoperable auto's on property.

6)  3/4/93     **Violation** for more than one inoperable vehicle.  Given 7 days to correct.

7)  3/8/93     Leftwich gave 14 days to clean up.

8)  3/24/93    Recheck, trying to work with the homeowner.

9)  3/31/93    **Violation** notice given for more than one inoperable vehicle.  Given 7 days to correct.  This was a recheck.

10) 4/8/93     Recheck.  Jim Hamilton, Attorney for Scott.  City Attorney to meet with Hamilton.

11) 4/28/93    Recheck.  City Attorney said property was grandfathered in as auto repair and asked Hamilton to ask client to clean up property.

12) 9/16/98    Compliant filed about multiple vehicles in front and back of property.

13) 9/21/98    **Violation** written for more than one inoperable vehicle.  Given 7 days to correct, if not corrected will cite into court.

14) 9/27/98    **Violation** written for more than one inoperable vehicle.

Given 7 days to correct.

15)  10/13/98   Wrote letter directing Mr. Scott to obtain a privilege
                license within one day, certified mail.

16)  11/3/98    Received certified mail back unclaimed.

17)  11/4/98    Had Police Officer serve Mr. Scott with letter.

18)  11/9/98    Cite Mr. Scott in and let the Judge handle.

# Permits & Planning

BILLY R. LEFTWICH, CODE ENFORCEMENT OFFICER
PAUL F. BROWN, CODE ENFORCEMENT OFFICER

## City of Sherwood
2199 EAST KIEHL AVENUE
P O BOX 6256
SHERWOOD, ARKANSAS 72124-6256
PHONE (501) 835-4753 • FAX (501) 835-5811



October 13, 1998

Mr. Randy Scott
23 Hamilton Park Drive
Sherwood, AR 72120

      RE:    Non-conforming use of an auto repair shop
             23 Hamilton Park Drive

According to Ordinance 729, Section 10.2, regarding non-conforming uses, the following item applies to the use of an auto repair shop on your property.

> "Any use of land, building, or structure existing
> at the time of the enactment of these regulations
> may be continued even though such use, building,
> or structure may not conform with the provisions of
> these regulations for the district in which it is located."

However, to continue your business that was grandfathered in when the City of Sherwood annexed your property, you will have to obtain a privilege license from the City Clerk's office.

Mr. Dawson has talked with your attorney about this situation. You will need to obtain a privilege license within one day from the receipt of this letter or be subjected to a court appearance to settle the matter before the Judge. If you choose to have a court appearance, you will need to notify your attorney and a court date will be set.
Your property needs to be cleaned up, also. Complaints have been filed on the condition of the property.

Please notify this office as to your intentions. If you have any further questions, please contact the Permit Department at 835-4753.

Sincerely,

*Billy R. Leftwich*

Billy R. Leftwich
Code Enforcement Officer

SERVED BY OFFICER: _____

DATE SERVED: __11-6-98__

**EXHIBIT**
2

10/15/2010  12:32   8331074          STEPHEN COBB                        PAGE  01

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
TWELFTH DIVISION

FILED /09/29/10 11:40:45
Pat O'brien Pulaski Circuit Clerk
CR01

**CITY OF SHERWOOD**                                              **PLAINTIFF**

VS.                                NO. CV 2009-6039

**JAMES SCOTT**                                                   **DEFENDANT**

### ORDER OF DISMISSAL WITH PREJUDICE

On this date, this cause is hereby dismissed for lack of prosecution in accordance with

Rule 41 of the Arkansas Rules of Civil Procedure.  Pursuant to Rule 9 of the Arkansas District

Court Rules and precedent of the Supreme Court of Arkansas and Court of Appeals of Arkansas,

said dismissal is with prejudice.  *See, e.g., Wilson v. C & M Used Cars*, 46 Ark. App. 281, 878

S.W.2d 427 (1994); *Watson v. White*, 217 Ark. 853, 233 S.W.2d 544 (1950).

IT IS SO ORDERED.

_____
CIRCUIT JUDGE

_____
DATE

9c:    Beau Wilcox
       Stephen R. Cobb

**EXHIBIT**

**3**



# Code Enforcement

2199 East Kiehl Avenue
P.O. Box 6256
Sherwood, Arkansas 72124-6256
Phone (501) 835-4753 • Fax (501) 835-5811

March 7, 2017

James R. Scott
23 Hamilton Park Drive
North Little Rock, AR 72120

RE: 23 Hamilton Park Drive, North Little Rock, AR 72120
Parcel # 22S0010009500

The City of Sherwood is committed to keeping our city attractive through informing and enforcing the City of Sherwood maintenance laws. Our records indicate that you are the owner of the property located at 23 Hamilton Park Drive.

My records also indicate that you had a business, Scott Repair Service which was established at this location prior to the annexation of the property into the City of Sherwood. After annexation you were allowed to continue using the property as a business as long as you did not expand the business from the original use. The property then was annexed in as a non-conforming business.

The last privilege license you purchased from the City of Sherwood was April 19, 2012 and was for the year of 2012. This licensed expired January 1, 2013. As of this date the privilege license for Scott Repair Service has not been renewed, therefore if you are continuing business it is an illegal business. Due to the amount of time that the business has ceased running as a legal business the property has lost its non-conforming use and can no longer be used as an auto/truck and general repair and maintenance service.

**Please be advised that the property located at the above-mentioned address is in violation of the City of Sherwood Property Maintenance Ordinance # 1394 and Ordinance #161 and Ordinance 462:**

You have **seven (7) days** to correct these violations before a citation to court may be issued and fines levied.

**PM-301.1 Sanitation:** All exterior property and premises including adjacent right of ways to public or private streets shall be maintained clean, safe, sanitary and free from any accumulation of rubbish or garbage, refuse, junk and other abandoned materials, metals, lumber or other things. The pollution of any public well or cistern, stream, lake, canal or body of water by sewage, dead animals, industrial waste, or other substances shall not be permitted. Stagnant water is prohibited and must be ameliorated by the owner. Stagnant water regulations shall not pertain to lakes, streams, swamps, or drainage areas designed to remove water away from subdivisions or as described in section PM 301.2.

EXHIBIT

4

**PM -301.4 Weeds:** All premises and exterior property shall be maintained free from noxious weeds, plant growth or vegetation in excess of 8 inches. Weeds shall be defined as all grasses, annual plants and vegetation, other than trees or shrubs provided; however, this term shall not include cultivated flowers and gardens. Upon notification of violations of this section the owner or responsible party shall have 5 days to complete maintenance on the subject property. This section shall apply to vacant lots as well as developed areas of the City. Legal Livestock pastures in accordance with animal services regulations with Livestock present on the property, and any vacant lot that has never been developed, or any part thereof maintained or is greater than 1.5 acres are exempt from grass regulations. In addition all sidewalk areas shall be maintained in accordance with this section and shall not be exempt. Any dead tree, vegetation or condition found to pose a danger or hazardous condition to the property or other surrounding properties shall be deemed a violation of this section. The extent of enforcement shall be at the discretion of the Code Official.

**PM -301.8 Inoperable vehicles**: As provided in other regulations not more than one inoperable vehicle shall be openly stored on the premises, said vehicle must be behind the principal structure out of sight from a public right of way, and shall not remain in allowable area for more than a period of 90 days. No vehicle shall at any time be in a state of major disassembly, disrepair, or in the process of being stripped, or dismantled.

**Exception:** A vehicle of any type is permitted to undergo major overhaul, including bodywork, provided such work is performed inside a *structure* or similarly enclosed area designed and approved for such purposes.

**Ordinance 161:** Section Four. For the purposes of this ordinance an inoperable vehicle is one that has one of its wheels missing, or any part of said wheel, which includes the tire and tube, missing; or does not have a currently valid Automobile Registration Tag; or, because of any missing part, cannot operate as a self-propelled vehicle; or does not have adequate brakes; or does not have any item of equipment or part which lack would prevent said automobile or motor vehicle from being operated lawfully upon the public highways, or is placed on blocks.

**Ordinance 462:** SECTION 1: It shall be unlawful to park a recreational vehicle of 25 feet long and longer and 6 feet high in front of the building line of lots in residential sections of the City, except if the vehicle cannot be parked behind the line because of fences, buildings, and/or mature (minimum of 10 feet tall) trees. Vehicles will not be parked within one foot of the side or rear adjoining property line, unless it is a corner lot, for purposes of mowing. It will not be a defense of this ordinance that fences, and/or buildings constructed after adoption of this ordinance not permit access for proper parking. Trees planted after adoption of this ordinance shall not be a defense to this ordinance.
SECTION 3: "Recreational Vehicles" shall be described as: travel trailers, pickup campers or coaches, motorized dwellings, tent trailers, boats, boat trailers and the like, whether used for recreational purposes or not.

You may continue to use the building for storage of your personal belongings/vehicles as long as the doors close as any property owner is allowed to do in a residential area.

If you have any questions regarding this notice, please call the Department of Permits and Planning at (501) 835-4753.

Sincerely,

Sheila Reynolds
Code Enforcement Officer
City of Sherwood

# THE DISTRICT COURT OF SHERWOOD, ARKANSAS  FILED

**P.O. BOX 6256**
**2201 EAST KIEHL AVENUE**
**SHERWOOD, AR. 72124-6256**

2018 APR -3 PM 12: 57

PHONE 501-835-3693
FAX 501-835-8918

SHERWOOD DISTRICT COURT
SHERWOOD, AR 72076

MILAS H. HALE III, JUDGE                                    BARBARA COLLIER, CLERK

April 3, 2018

James R. Scott
23 Hamilton Park Drive
Sherwood, AR. 72120

RE: City of Sherwood v. Scott; case no. OR-17-114 thru 126

Dear Sir:

Please find enclosed a copy of a court order issued out of Pulaski County Circuit Court-Seventh Division. The order details that the appeal filed on the above referenced matter has been dismissed and remanded back for imposition of the judgment issued in Sherwood District Court.

Please be aware that the sentence, $780.00 fine + $25.00 assessed per day on each count until defendant is compliant plus court cost of $520.00, is now due in full. Your attorney, Jeff Wankum has asked that this matter be placed on the docket and that a notice be sent to you and his office. This matter is scheduled for a court appearance on May 1, 2018 at 8:30 am. I also encourage you to contact your attorney, Jeff Wankum. He can be reached at (501) 374-2090.

If you have any questions regarding this letter, please contact this office at (501) 835-3693.

Thank you,

William Beasley,
Deputy Court Clerk

c/c:file
    Wankum Law Firm
encl.



**EXHIBIT**
5

## CHAPTER 14.13.   NONCONFORMING USES AND STRUCTURES

Sections:

14.13.01    Non-Conforming Uses

### 14.13.01.   Non-Conforming Uses

A.  Continuing Existing Non-Conforming Uses

Any use of land, building or structure existing at the time of the enactment of this Code may be continued even though such use, building, or structure may not conform with the provisions of this Code for the district in which it is located.

B.  Limitations on Non-Conforming Uses

A non-conforming use of a building or land shall not be changed, extended, reconstructed, enlarged or structurally altered unless:

1.  Such change is required by law or order.

2.  Authority is granted by the Board of Adjustment. [69]

3.  Such repairs and maintenance work are required to keep the building structurally sound.

4.  Any commercial property that comes into Sherwood as non-conforming that is destroyed by arson or an Act of God may be rebuilt to city standards and ordinances if built the same size and purpose.

5.  The expansion or change of a non-conforming use shall follow amendment procedures as set forth in the following:

An application for change or expansion of non-conforming use may be initiated by the City of Sherwood Board of Adjustment or by one (1) or more owners or lessees of land affected by this Code.  Such application must be filed with the Secretary of the Board of Adjustment seven (7) days or more prior to the date of the next regularly scheduled Board of Adjustment meeting.

C.  Procedure for change or expansion of non-conforming use: [70]

Upon filing an application for change or expansion of non-conforming use with the Secretary of the Board of Adjustment, these requirements may be amended by the following procedures:

1.  The Board of Adjustment shall hold a public hearing on the proposed change or expansion of non-conforming use not less than fifteen (15) days after notice of such hearing has been published in a newspaper of general circulation in Sherwood. The notice shall give the time and place of the hearing and a description of the proposed change of non-conforming use.  The applicant shall inform all owners of land, by certified letter and first-class letter, names to be taken from a bonded abstract company, which lie within three hundred (300) feet of the land for which the change or expansion of non-conforming use is requested of the time, date and place of the public hearing and the proposed change or expansion of non-conforming use designation. All certified receipts and a copy of the letter shall be furnished to the Secretary of the Board of Adjustment at least five (5) business days prior to the public hearing. [71]

---

[69] Amended by Ordinance 1411 – Adopted October 26, 1998
[70] Amended by Ordinance 1428 – Adopted February 22, 1999

EXHIBIT
tabbies
6

10/26/2018

2. The applicant shall procure signs from the Planning Department, City of Sherwood, for the purpose of posting the property proposed for a change or expansion of non-conforming use.

   a. The signs will be displayed on the property on a post or other suitable standard not less than fifteen (15) days prior to the date of the public hearing. Signs require a thirty dollar ($30.00) deposit, posted at the Planning Department.

   b. The signs shall be displayed within ten feet (10') of the property line.

   c. The signs shall be posted along the frontage abutting any street at an interval of one hundred feet (100').

   d. Properties with less than two hundred feet (200') street frontage shall be posted with at least one (1) sign along the frontage abutting each street.

   e. All such signs posted shall be maintained by the applicant to remain visible and readable until the conclusion of the subject public hearing, or to the conclusion of the Board of Adjustment meeting if an appeal over the Board of Adjustment decision concerning the expansion or change of a non-conforming use is made by the applicant. Subject signs shall be removed from the property by the applicant within five (5) days of the concluding action.

   f. Failure to post the required signs or to maintain the signs resulting in the property not being properly posted for three days out of the required time may result in a postponement of the public hearing or Board of Adjustment agenda item until such time full compliance with posting procedure is achieved.

2. The change or expansion of non-conforming use, as presented or modified by the action following the public hearing, shall be voted on by the Board of Adjustment.

D.  Cessation of Non-Conforming Use

A lawful non-conforming use of a building or structure, or land that has been voluntarily discontinued for a period of six (6) calendar months shall not thereafter be resumed. Whenever a non-conforming use has been changed to a conforming one, such use shall not thereafter be changed to a non-conforming use. When a residential structure is rezoned for commercial use, and if it has been continuously occupied as a residence at the time of the re-zoning, the above paragraph shall apply. A resident may be permitted to live there for up to two (2) years with permission of Planning Commission.

E.  Replacement of Damaged or Destroyed Non-Conforming Use

With exceptions, any non-conforming building or structure damaged by fire, flood, explosion, wind, earthquake or other calamity or act of natural consequences may be restored or reconstructed or used as before the calamity or natural consequence, provided such restoration be completed within six (6) months of such happening.

Exceptions:

---

[71] Amended by Ordinance 2181 – Adopted December 18, 2017.

1.  If the non-conforming building can be restored or reconstructed to achieve conformity, i.e., meet minimum yard or height requirements of this Code, the owner/builder is encouraged to achieve conformity.

2.  If the nature of the non-conformity is the use of the land or building the use shall not be changed after restoration to a use that is less compatible with the zone in which it is located. In no case shall a building or the use of a building or use of land be restored if said use or building has been declared by law to be a public or private nuisance.

3.  Mobile homes destroyed by fire, flood, explosion, wind, earthquakes, or other calamity or act of natural consequences shall be governed by Ordinance No. 645. [72]

---

[72]  Ordinance 645, adopted January 28, 1985 stipulates: Section 1 - Any mobile home and/or modular home that has been damaged by fire, wind or other hazards to such an extent that they are not safe and/or practical for occupancy shall be removed and the site cleared within ninety (90) days of said loss. Section 2 - Any person, firm or corporation found guilty of not complying with Section 1 shall be deemed guilty of a misdemeanor and fined not more than Two-Hundred Dollars ($200.) and not less than Fifty-Dollars ($50.) and each day that this ordinance is violated will constitute a separate offense.

ORDINANCE NO. 161

AN ORDINANCE ENTITLED:  "AN ORDINANCE DECLARING CERTAIN THINGS TO BE
A NUISANCE, PROHIBITING OPEN STORAGE OF HOUSEHOLD APPLIANCES, STORAGE
OF WRECKED AND INOPERABLE VEHICLES, PRESCRIBING PENALTIES FOR THE
VIOLATION HEREOF, DECLARING AN EMERGENCY AND FOR OTHER PURPOSES."

NOW THEREFORE BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF
SHERWOOD, ARKANSAS:

     Section One.  From and after the passage of this ordinance it
shall be unlawful for any person, firm or corporation to store in the
open any type of new or used household appliance.
     Section Two.  For the purposes of this ordinance open storage
shall include, but not be limited to placing an item any place on the
owners premises which does not have both a roof and walls, without
or with doors, completely around the space where the item is placed
and such walls must be of solid construction for the area not to be
considered open storage.

     (b)  The item shall be considered in open storage when it is
left outside for a period of 12 consecutive hours.

     (c)  Household appliances shall include washing machines, laundry
drying machines, refrigerators, deep-freeze ice-boxes, television
sets, cook stoves and ranges, heating stoves, air conditioning and
central heating equipment, bed steads and items of indoor furniture,
but it shall not be deemed to include any of the above items which
are connected to a power source and operating in the fashion for
which they were manufactured.

     Section Three.  From and after the passage of this ordinance it
shall be unlawful for any person, firm or corporation to store, on
one platted lot in the open, more than one inoperable automobile,
or other type of motor vehicle.

     Section Four.  For the purposes of this ordinance an inoperable
vehicle is one that has one of its wheels missing, or any part of
said wheel, which includes the tire and tube, missing; or does not
have a currently valid Automobile Registration Tag; or, because of
any missing part, cannot operate as a self-propelled vehicle; or
does not have adequate brakes; or does not have any item or equipment
or part which lack would prevent said automobile or motor vehicle
from being operated lawfully upon the public highways, or is placed
on blocks.

Section Five.  Upon finding any of the conditions outlined in Sections
One to Five hereof the proper authorities shall take the action to
clean up the property as is set forth in Sections 2 through5 of
Ordinance No. 10.

     Section Six.  Any motor vehicle found upon the public streets or
ways which would be termed inoperable as set forth in Section Four
hereof shall be treated as an abandoned vehicle.

     Section Seven.  It shall be unlawful for any person, firm, or
corporation, to abandon any vehicle in the city of Sherwood or to


EXHIBIT

place any item listed herein upon the property of another person without the consent of the owner or upon any public property.

Section Eight.  Any person, firm or corporation found guilty of violating any section of this ordinance, shall be fined in any sum of not less then $5.00 nor more then $25.00, and each twenty-four hour period that a violation shall continue shall be considered a separate offense.

Section Nine.  All ordinances and parts of ordinances in conflict herewith are hereby repealed.

Section Ten.  It having been determined that numerous unsanitary and unsightly conditions are developing because of the open storage of used or abandoned items and that such adversely affects the public peace, health and safety, and emergency is found to exist and this ordinance shall be in full force from and after its adoption.

Adopted this 23rd Day of January, 1967.

B. E. Henson, Mayor

ATTEST:

Dean White, Recorder

1986

Pers-1 can

ORDINANCE NO. 760

AN ORDINANCE AMENDING ORDINANCE NO. 161, AS
AMENDED, REPEALING ORDINANCE NO. 755,
CONCERNING STORAGE OF WRECKED AND INOPERABLE
VEHICLES, DECLARING AN EMERGENCY, AND FOR
OTHER PURPOSES.

NOW; THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY
OF SHERWOOD, ARKANSAS, THAT:

SECTION ONE:  Ordinance No. 755 is hereby repealed.

SECTION TWO:  From and after the passage of this ordinance, is
shall be unlawful for any person, firm or corporation to store, in
the open, more than one inoperable automobile, or other type of
motor vehicle and said vehicle shall be stored behind the principal
building.

SECTION THREE:  If any part or parts of this ordinance are
declared void or unconstitutional for any reason, it shall not
affect the remaining parts of this ordinance.

SECTION FOUR:  The passage and approval of this ordinance is
necessary to promote the general welfare and orderly growth of the
City of Sherwood; therefore, an emergency is hereby declared to
exist and this ordinance shall be in effect upon its passage.

ADOPTED this 15th day of December, 1986.

ATTEST:

AMY SANDERS, CITY CLERK

SPONSOR:  MIKE BERG, ALDERMAN



EXHIBIT

8

ORDINANCE NO. ___1074___

**AN ORDINANCE PROVIDING FOR LICENSE AND PRIVILEGE TAXES, AS AMENDED; ENFORCEMENT OF SAME; DECLARING AN EMERGENCY AND FOR OTHER PURPOSES.**

BE IT ORDAINED BY THE CITY COUNCIL OF SHERWOOD, ARKANSAS, THAT:

**SECTION 1:** The carrying on of any business, profession or occupation of whatever kind or nature within the City of Sherwood, Arkansas, is hereby declared to be a privilege and from and after the effective date of this ordinance, any person, firm or corporation engaged in any business, profession or occupation of whatever kind or nature within the City shall pay an annual privilege tax. The privilege tax shall apply to all and shall not be limited to those businesses, professions or occupations as classified specifically by this ordinance.

**SECTION 2:** The following persons, firms or corporations shall be exempt from the provisions of this ordinance:

    (a) Professional persons employed full time on a salary or commission basis by one employer not offering professional service to the public; and

    (b) Charitable or eleemosynary nonprofit businesses and organizations and where no profit accrues to the benefit of any officer or employee.

**SECTION 3:** Any persons, firm or corporation engaging in more than one business, occupation or profession shall be required to obtain a license and pay the tax for each such business, occupation or profession. If any person operates any of the businesses provided for herein at more than one location, each location shall be considered a separate business and a separate license therefor is required unless otherwise provided for herein.

**SECTION 4:** Every person operating a business who shall lease to another, any department, space or facility on the premises shall file with the City Clerk on or before the first day of January each year or at the time of leasing a list of all such lessees. Each such lessee shall be liable for the privilege tax herein provided for the business, occupation or profession of such lessee.

**SECTION 5:** Where the amount of privilege tax due hereunder is based on the number of employees, the responsible person, firm or corporation shall report to the City the total number of regular employees during the previous fiscal year of such person, firm or corporation which total shall be the same as that reported to the federal government for social security and income tax purposes.

"Employee", as the word is used in this ordinance is defined as any person regularly engaged in productive work or rendering any

**EXHIBIT**

9

service within the business, profession or occupation, except:

(a)   Clerical and bookkeeping employees;

(b)   Part-time employees who work less than four (4)
      hours per day; and

(c)   Temporary employees who work less than six (6)
      months per year.

**SECTION 6:**   The annual privilege tax shall be paid on the
basis of the calendar year of January 1 through December 31, and
all such taxes shall be payable on January 1 for the ensuing year.

**SECTION 7:**   If the privilege tax herein provided is not paid
within sixty (60) days after such becomes due, it is hereby
declared as delinquent, and a penalty of ten percent (10%) will be
added to said tax.

**SECTION 8:**   It shall be the duty of the City Clerk, upon
receipt of the amount of the privilege tax herein provided, to
issue a license to the person, firm or corporation liable therefor,
which license shall reflect the amount of the tax, the period of
time covered, the name of the person, firm or corporation to whom
issued and the nature of the business, occupation or profession
involved. Mistakes in computation or misinformation given verbally
as to the amount of tax due shall not prevent or prejudice the
collection by the City of what is actually provided for as due
under the provisions of this ordinance.

**SECTION 9:**   Each license when issued shall be posted in a
conspicuous place where such business, occupation or profession is
carried on.  Said license shall not be transferable and such shall
be reflected by said license.

**SECTION 10:**   A refund not to exceed one-half (1/2) of the
annual license fee may be made if a business is closed or sold
during the first six (6) months of the business year. No refund
will be made after six (6) months operation. No privilege tax
refund shall be made except upon the written joint approval of the
City Clerk and the Mayor.

**SECTION 11:**   The City Clerk or his/her duly authorized agent
shall have the right to check and/or audit the stocks, inventory
reported to the state and federal governments for income tax
purposes of any person, firm or corporation subject to the license
tax as provided in this ordinance. The refusal of any person, firm
or corporation to allow the City Clerk and/or his authorized agent
to make such checks, examinations and/or audits is hereby declared
to be a misdemeanor and upon conviction shall be fined an amount of
not less than twenty-five dollars ($25.00) and no more than one
hundred dollars ($100.00) and each day shall be a separate offense.

**SECTION 12:**   It shall be unlawful for any person, firm or

2

corporation to willfully make a false report to the City of
Sherwood relative to any provision or requirement of this ordinance
as affects the obligation for paying a privilege tax or the amount
therefor.  Any person, firm or corporation violating this section
shall be deemed guilty of a misdemeanor and upon conviction shall
be fined an amount of not more than twenty-five dollars ($25.00).

**SECTION 13:**  Any person, firm or corporation carrying on any
business, profession or occupation within the City of Sherwood
and failing to pay the privilege tax provided for by this ordinance
shall be deemed guilty of a misdemeanor and upon conviction be
fined an amount of not more than double the amount of the tax
together with the costs necessary for the collection of same.

**SECTION 14:**  The following license taxes are due and payable
in advance on the first day of January of each year except as
otherwise provided by this ordinance:

```
Accountants. . . . . . . . . . . . . . . . . . . . . . $50.00
Advertising. . . . . . . . . . . . . . . . . . . . . . . 50.00
Air conditioning & heating, sale and service . . . . . . 50.00
Aluminum products (patio, carport covers) . . . . . . . . 50.00
Antiques  . . . . . . . . . . . . . . . . . . . . . . . . 50.00
Apartment house (4 or more in complex) . . . . . . . . . 50.00
       additional apt. . . . . . . . . . . . . . . . . . . 1.00
Architect . . . . . . . . . . . . . . . . . . . . . . . . 75.00
Attorney . . . . . . . . . . . . . . . . . . . . . . . . 75.00
Auction house . . . . . . . . . . . . . . . . . . . . . . 75.00
Auctioneer, local . . . . . . . . . . . . . . . . . . . . 75.00
Auto repair shop,up to 5 employees . . . . . . . . . . . 75.00
Auto repair with service station, 1 mechanic . . . . . . 75.00
Auto dealers, used . . . . . . . . . . . . . . . . . . . 75.00
Auto dealers, new or combination used . . . . . . . . . 250.00
Automatic sprinkler, contractor/dealers . . . . . . . . . 50.00
Automobile & truck tire sales and service . . . . . . . . 50.00
Automobile & truck repair, up to 10 employees . . . . . . 50.00
Bakeries, up to 10 employees . . . . . . . . . . . . . . 50.00
       each additional employees . . . . . . . . . . . . . 5.00
Banks, Savings and Loan, or Lenders . . . . . . . . . . 250.00
Barber or Beauty shops . . . . . . . . . . . . . . . . . 20.00
       each employee . . . . . . . . . . . . . . . . . . . 5.00
Bookkeepers  . . . . . . . . . . . . . . . . . . . . . . 50.00
Books and or stationery, retail . . . . . . . . . . . . . 50.00
Bowling centers . . . . . . . . . . . . . . . . . . . . 100.00
Cabinetmaker or carpenters . . . . . . . . . . . . . . . 50.00
Cable TV Co. . . . . . . . . . . . . . . . . . . . . . 250.00
Cafeterias, restaurants, cafes, lunch stand, for 20 seats 35.00
       plus .50  for ea. chair over 20 chairs . . . . . . . .50
Car wash, up to 4 bays . . . . . . . . . . . . . . . . . 35.00
       additional bays, each . . . . . . . . . . . . . . . 5.00
       automatic carwash . . . . . . . . . . . . . . . . . 50.00
Carpet sales . . . . . . . . . . . . . . . . . . . . . . 50.00
Ceramic shop, manufacture and sale . . . . . . . . . . . 50.00
Chemical supplies . . . . . . . . . . . . . . . . . . . . 50.00
```

3

**SECTION 15:**   All ordinances and parts of ordinances in conflict herewith are hereby repealed.

**SECTION 16:** This ordinance being necessary for the immediate preservation of the public health, an emergency is hereby declared to exist and this ordinance shall be in full force and effect from and after its passage.

**PASSED THIS** _____26th_____ **DAY OF** _____October_____ , 1992

_____
JACK EVANS, MAYOR

ATTEST:

_____
BOBBIE CHAPMAN, CITY CLERK