IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES RANDY SCOTT                                                      PLAINTIFF

v.                              No. 4:22-cv-516-DPM

CITY OF SHERWOOD, ARKANSAS;
STEPHEN COBB, Individually and in
his Official Capacity; and SHEILA
REYNOLDS, Individually and in her
Official Capacity                                                      DEFENDANTS

ORDER

In 1985, James Randy Scott bought some property in rural Pulaski County, Arkansas. There he collected and stored antique cars and other equipment, plus ran a repair shop. About four years later, the city of Sherwood annexed Scott's property. He continued to use it for the same purposes. Over the next few years, he was cited for violating city ordinances that prohibit having inoperable vehicles on one's property. In 1993, the Sherwood city attorney said that Scott's property was "grandfathered in" as an auto repair shop. But, Scott was later cited for more violations, fined, and jailed for not maintaining his property and failing to obtain a privilege license for his shop.

In 2019, Scott filed a lawsuit in Pulaski County Circuit Court against many Sherwood-related defendants: the city, the Sherwood District Court, the judge presiding over his ordinance-violation case,

the city attorney, and the city code enforcement officer. He claimed that his constitutional rights were violated when the ordinances continued to be enforced against him. The Circuit Court dismissed that case with prejudice, holding that all the defendants had sovereign immunity against suit. *Doc. 9-2.* Scott did not appeal or seek reconsideration.

Scott has now sued three of the previous defendants (the city, the city attorney, and the city code enforcement officer), this time in federal court, bringing the same claims he brought before. The three defendants move to dismiss. They argue claim preclusion and issue preclusion.

Does the Circuit Court's judgment, which dismissed Scott's case with prejudice based on sovereign immunity, preclude his renewed claims against some of the Sherwood defendants? Yes. There was briefing and a hearing, though no trial. The lack of trial does not mean that Scott's claims could be refiled. It has long been the law in Arkansas that dismissal of a case with prejudice at the threshold is a final judgment on the merits. *Burnett v. Palmer*, 233 Ark. 205, 208-10, 343 S.W.2d 570, 572-73 (1961). As Scott argues, sovereign immunity issues have a jurisdictional cast. He presses the point too far, though, by contending this dismissal should have been without prejudice for lack of jurisdiction. Arkansas law is clear that the sovereign immunity defense is not an issue of subject matter jurisdiction. *Walther v. FLIS Enterprises, Inc.*, 2018 Ark. 64, at 5, 540 S.W.3d 264, 267. The three

defendants acknowledge that, as to them, the Circuit Court's decision was erroneous—they were not entitled to sovereign immunity against Scott's suit. But the remedy for a mistaken decision is a post-judgment motion, an appeal, or both. *Harris v. Moye's Estate*, 211 Ark. 765, 767-68, 202 S.W.2d 360, 362 (1947). None was pursued by Scott. And, as in *Harris*, there is no contention that there was any gap between the Circuit Court's intended decision and its final order. The general rule is that an otherwise valid and final judgment, though erroneous in hindsight, is conclusive nonetheless as between the parties. RESTATEMENT (SECOND) OF JUDGMENTS § 17 cmt. d.

\*   \*   \*

Motion to dismiss, *Doc. 8*, granted.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 January 2023